Lorillard *v.* Union Brick and Tile Manufacturing Co.

JACOB LORILLARD et al., appellants,

*v.*

THE UNION BRICK AND TILE MANUFACTURING COMPANY, respondent.

A married woman made a lease containing an agreement that she would sell a part of the leased property for a certain sum, if the lessees elected to buy within five years. After the death of her husband she conveyed all the leased premises to a third party, her deed containing a clause that it was subject to the said lease and the said agreement contained therein. Afterwards, the lessees, within the prescribed time, elected to purchase the part as above mentioned, and failing to get a deed, filed their bill for a specific performance of the agreement.—*Held*, that the reference to the original agreement contained in the deed made by the widow was equivalent to a new execution of that agreement after her condition as *feme covert* had ceased to exist, and bound her and her grantees.

On appeal from a decree of the chancellor, whose opinion is reported in *Union Brick and Tile Manufacturing Co.* v. *Lorillard,* *17 Stew. Eq. 1.*

19

Lorillard *v.* Union Brick and Tile Manufacturing Co.

*Mr. Gilbert Collins,* for the appellants.

*Mr. W. H. Vredenburgh,* for the respondent.

The opinion of the court was delivered by

REED, J.

Rachel Van Buskirk, a married woman, owning a one hundred and twenty-five-acre farm in her own right, in 1882 leased twenty-five acres of it to the Union Brick and Tile Manufacturing Company, for a period of twenty-two years and two months, at a rent of $500.

The lease contained a provision as follows:

"That the said company is to have the privilege of buying the aforesaid premises at any time within five years from the commencement of this demise at the price or sum of $7,000, but such privilege is given upon the condition that all rent due is first paid, and the other agreements herein of said company first performed."

The husband agreed, in writing, that, in case the company concluded to purchase the property upon the prescribed terms, he would join his wife in the execution of the deed to them. The husband died in 1886, and, in 1887, his widow conveyed the entire tract of one hundred and twenty-five acres to Jacob Lorillard, one of the defendants below. Contained in this instrument is the following clause, which follows a provision that the conveyance is taken subject to certain encumbrances:

"And also subject to a certain lease and agreement in said lease to convey a portion of the premises herein described and conveyed, made by the said Rachel A. Van Buskirk and Hiram Van Buskirk, her husband, dated March 24, 1882, to the Union Brick and Tile Manufacturing Co., and recorded in Liber 345 of Deeds of Monmouth County, &c., subject to ·all the agreements and covenants in said lease."

The Union Brick and Tile Manufacturing Company elected to purchase, made their tender and demanded a deed within the prescribed period. Failing to get title, they filed their bill for a specific performance of the agreement to convey to them the twenty-five acres.

Lorillard v. Union Brick and Tile Manufacturing Co.

Upon a demurrer filed to the bill, which bill set out the above facts, the ground taken by the demurrant was, that the agreement entered into by Mrs. Van Buskirk was unenforceable by reason of her inability to make a contract to convey land arising out of her condition of coverture at the time the agreement was executed by her. The question so mooted, namely, whether a married woman can enter into a contract for the sale of her real estate apart from her husband, was not decided below, nor need it be decided here. Its decision is unnecessary, because the rights of the complainant against these defendants can rest upon a contract of Mrs. Van Buskirk, entered into after her condition as *feme covert* had ceased to exist. This contract is to be found in the deed made by her to Lorillard, in 1887.

This deed, by express terms, subjected the grant contained in it to a liability for the performance of the agreement contained in the lease. By this stipulation in the conveyance the clause contained in the lease became embodied in the deed to Lorillard. It was, in effect, as if she had expressly bound her grantees to execute a deed in favor of respondents in the very words of the agreement contained in the original lease. It was equivalent to a re-execution of the agreement in favor of the respondents at a time when she was under no possible legal disability.

Nor does it matter that this new execution of the stipulation was in the deed which Lorillard himself did not sign. The law is entirely free from doubt that the grantee of a deed *inter partes*, whereby an estate is conveyed, is bound by the conditions, covenants and stipulations therein, although it is only signed by the grantor. His acceptance of the deed is such assent on the part of the grantee to its terms as will oblige him to perform or submit to their requirements. *Finley* v. *Simpson, 2 Zab. 311; Earle* v. *New Brunswick, 9 Vr. 47; Harrison* v. *Vreeland, 9 Vr. 366; Patten* v. *Heustis, 2 Dutch. 293.*

So, by the acceptance of the deed from Mrs. Van Buskirk containing the above-mentioned stipulations, Lorillard became bound by the terms of her agreement with the complainants, touching their right to a conveyance of the twenty-five acres, if they should elect to take such conveyance within the time; and

upon performing the conditions prescribed in the agreement Lorillard was bound by reason of her execution of the deed into which the agreement was embodied by the reference thereto, as already set out.

In this view of the cause there exists no difficulty in the way of the complainants enforcing their rights against both parties, even if it be admitted that the original agreement of Mrs. Van Buskirk was a nullity by reason of her condition of coverture at the time of its execution. The question of its invalidity does not, therefore, arise. The decree below should be affirmed.

*Decree unanimously affirmed.*