JOHN R. BROWN

*v.*

AGNES H. PINNIGER.

[Decided March 27th, 1913.]

1. A bill of complaint alleged that defendant's husband died intestate, seized of the land in controversy, and that complainant submitted to defendant through an agent an offer to buy the land, provided defendant would consent to the opening of a street in front of the lot and across adjoining lands and would donate sufficient land for the street, which offer defendant accepted, whereupon complainant paid to her agent the full price, and the agent gave complainant the receipt set out in the

complaint, under the agreement, took possession of the land and laid out the street and erected a dwelling, and has since been in possession thereof. —*Held*, that the complaint was based upon the parol agreement of sale, accompanied by a complete performance by complainant and part performance by defendant, and not upon the writing executed by defendant's agent, receipting for the purchase price, and the statute of frauds was no bar.

2. The taking of possession of premises under a parol agreement to convey, accompanied by payment of the full price, is such a part performance as to take the case out of the statute of frauds.

3. Though a vendor only had a dower estate in the premises which she contracted to convey, the contract will be specifically enforced where the vendor subsequently acquired the fee and the vendee entered into possession under the contract with the vendor's acquiescence.

On demurrer to bill of complaint.

*Messrs. Durand, Ivins & Carton,* for the demurrant.

*Messrs. Johnston & Conover,* for the complainant.

WALKER, CHANCELLOR.

This cause is presented on a demurrer to a bill for a specific performance of a parol agreement for the sale of land.

The bill of complaint alleges that Charles N. Pinniger died intestate, seized of the land which is the subject of this suit, located at Belmar, New Jersey. It was part of a larger tract of land which he owned at the time of his death. He left surviving him the defendant, his widow, and Henry C. Pinniger, a son, who died in infancy. Before the latter's death the complainant, through a real estate agent representing the defendant, submitted to her an offer to buy the land and to pay therefor the sum of fifty dollars, provided the defendant would consent to the opening of a street in front of the lot and across adjoining lands, and would donate land sufficient for the street and authorize the complainant to do the work of laying it out. The defendant accepted the offer, and thereupon the complainant paid to the agent the full purchase price which, or the benefit of which, the defendant received and retained. The agent gave to the complainant a receipt for the money, which reads as follows:

"Received from John R. Brown, fifty and 00/100 dollars, for purchase money, for triangular plot of ground of Mrs. A. H. Pinniger, on the south side of 13th Ave. near F Street, the same to be conveyed free and clear."

Immediately after concluding the bargain and paying the purchase price, the complainant, in consequence of the agreement and with the defendant's consent, entered into possession of the land, laid out a street in front of it, and erected a dwelling-house thereon and on other lands adjacent belonging to the complainant. He has been in possession ever since. After the making of the agreement the son, Henry N. C. Pinniger, died, and the inheritance went to his mother for life, with remainder to his aunt, his father's sister. *Descent act, Comp. Stat. p. 1919 § 4.* See also *Hickey* v. *Morrissey, 50 Atl. Rep. 183.* The aunt then conveyed the premises to the defendant, who is now the owner thereof in fee-simple. The prayer of the bill is that the defendant be decreed to convey to the complainant the land in compliance with her agreement.

The assigned causes of demurrer are—(*a*) want of equity; (*b*) that there is no contract; (*c*) the contract is within the statute of frauds and perjuries; (*d*) the defendant's possession was acquired under an unenforceable contract and without the knowledge and consent of the defendant; (*e*) the complainant did not lawfully acquire possession and is not now in possession; (*f*) the possession is not sufficient to take the contract out of the statute of frauds; (*g*) the conduct of the complainant is inequitable.

In the argument the counsel of the demurrant relied upon *Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. (2 Dick.) 44; Clement* v. *Young-McShea Amusement Co., 70 N. J. Eq. (4 Robb.) 677; Stengel* v. *Sergeant, 74 N. J. Eq. (4 Buch.) 20,* to sustain his contention. The counsel's argument is predicated upon the proposition that the bill counts solely upon the writing of the real estate agent acknowledging the payment of the consideration price, as the contract sought to be enforced. If the contract between the parties were circumscribed by and inclusive of the receipt signed by Hudnut, the agent, as counsel insists it is, I might concede that the doctrine of the cases cited were apposite. But I do not read the

bill in so restricted a sense. Its purport, although somewhat obscurely stated, is that the defendant (not Hudnut, her agent) agreed to sell to the complainant the premises for fifty dollars; that the consideration price was paid to the agent and appropriated by the defendant; that the agent gave a receipt for the money, whereupon the complainant, in pursuance of the contract and by the permission of the defendant, went into possession of the lands, which he has ever since held and upon which he has made substantial improvements.

The complainant's right to relief is founded upon a parol agreement of sale, accompanied by a complete performance on his part and part performance by the defendant. The written acknowledgment of the payment of the purchase price is not the contract, but merely some evidence of it. Under these circumstances the statute of frauds is of no avail as a bar. It has been repeatedly held by the courts of this state that taking possession of the premises under a parol agreement for their conveyance is such part performance as will take the case out of the statute of frauds and support the suit on the agreement. *Green* v. *Richards*, 23 N. J. Eq. (8 C. E. Gr.) 32; *Cramer* v. *Mooney*, 59 N. J. Eq. (14 Dick.) 164; *Krah* v. *Wassmer et al.*, 75 N. J. Eq. (5 Buch.) 109; affirmed in 78 N. J. Eq. (8 Buch.) 305.

Much stronger must be the position of an equitable vendee, when it appears, as it does in this case, that the full consideration price has been paid.

It is further urged by the demurrant that at the time the defendant made the contract to convey the fee, she was possessed only of an estate in dower in the lands, and that the entry into possession by the complainant thereunder was not such a part performance as to take the agreement out of the statute. The answer to this is that the complainant entered into possession of the land in pursuance of the defendant's contract of sale, and not in virtue of her supposed freehold estate. So far as she was concerned, it was a lawful entry and possession. The subsequent acquisition by the defendant of the fee in the premises accrued to the complainant, and enlarged his right of possession, and this having been acquiesced

in by the defendant, and she having situated herself so that she could, if willing, carry out the terms of her contract, a court of equity will decree a specific performance. *Fry Spec. Perf.* § *1344.*

The demurrer will be overruled, with costs.