ALBERT HOLLANDER, complainant-respondent,

*v.*

ANNA RUSKIN ABRAMS, alias ANNA RUSKIN, defendant-appellant.

[Decided October 18th, 1926.]

1. A married woman is not estopped from availing herself of the protection of the statute which prohibits her from conveying her real property without her husband joining in such act, even if she represented herself to be a widow, when in fact she was a married woman.

2. When a married woman is living separate and apart from her husband, and has no issue the result of said marriage, she may make a valid contract for sale of her real estate whereof she was seized before her marriage without the joining of her husband in the contract.

On appeal from a decree advised by Vice-Chancellor Berry for specific performance, whose opinion is reported in *99 N. J. Eq. 254*.

*Mr. Milton M. Unger,* for the appellant.

*Messrs. Leber & Ruback,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant filed his bill of complaint in the court below against the defendant, to enforce the performance of a certain contract entered into between the parties on the 22d day of May, 1925, wherein and whereby the latter agreed to sell to the former, for the sum of $21,200, certain land and premises described in the contract of sale. In the contract the defendant is described as Anna Ruskin (widow) and also as such in her acknowledgment taken to that instrument.

As a defense to the complainant's bill for specific performance the defendant sets up that "at the time of the making, execution and delivery of the said contract" she "was a married woman, having a husband living" who did not join therein. She therefore refuses to perform. Thereupon a motion was made on behalf of the complainant for the striking out of the answer upon the ground that it disclosed no defense. A stipulation of facts was entered into between the solicitors of the respective parties which in substance shows that the defendant at the time the contract of sale was entered into was a married woman, she being the wife of Abraham Abrams; that she was married to him on August 20th, 1923, and was divorced from him by a decree of the supreme court of Ohio on July 7th, 1925; that the divorce suit was pending at the time of the making and delivery of the contract; that the defendant was living in a state of separation from her husband; that there was no issue born of the marriage; that the complainant did not know of the fact that the defendant was a married woman. The facts are more fully stated in the opinion of the court below.

The learned vice-chancellor advised a decree directing specific performance, for the reasons *first,* that the defendant was estopped from setting up the Married Woman's act as a bar, and, *second,* that, under an act entitled "A supplement to an act for the better securing the property of married women living in a state of separation from their husbands," approved March 3d, 1888, she was free to make a conveyance without her husband joining her. *P. L. 1888 p. 266; 3 Comp. Stat. p. 3233 § 8p.*

We do not concur in the view of the vice-chancellor that a married woman can be estopped from availing herself of the protection of the statute which prohibits her from conveying her real property without her husband joining her in such act. It is a declared public policy of the state that she shall be disabled from doing so, except under certain conditions specially enumerated in the statute. The statute is for the protection of the husband and children, if any, and, therefore, the purpose of the statute may not be permitted to be circumvented or thwarted by any act of the wife. To sanction the view of the court below that a married woman may estop herself from the application of the statute by her fraudulent conduct or otherwise, is to invest her with the power to render the act nugatory. For on this theory any married woman representing herself as a widow can execute a valid conveyance of property, notwithstanding the statutory inhibition.

The other ground upon which the decree is founded is fully supported by the statute of 1888, *supra,* which provides as follows:

"Any married woman living in a state of separation from her husband, and having had no issue the result of such marriage * * * may, without the concurrence of her said husband or his joining as a party to any deed of conveyance, grant, sell and convey any real property whereof she may be seized in fee-simple by deed of conveyance executed and delivered before said marriage."

As has already been pointed out the legal status of the defendant at the time when she entered into the contract of sale with the complainant was precisely the status which the statute provides must exist, in order to enable a married woman to make a valid contract for the sale of her property, without her husband joining therein, namely, in that she was living in a state of separation from her husband, and having had no issue as the result of the marriage and being seized in fee-simple by deed of conveyance to her before marriage of the property in question. Her contract, therefore, was valid and enforceable. For this reason the decree of the court of chancery is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.