This is a bill to foreclose a mortgage on property in Irvington, New Jersey. The amount is $25,030, with interest from November 6th, 1925, Eight hundred dollars was paid on the principal on January 6th, 1926.
The complainant holds the mortgage by assignment from Jennie Canfield, who received it as a purchase-money mortgage from the defendant when she conveyed the premises to him.
Defendant claims he is entitled to a set-off because of certain misrepresentations made to him by Mrs. Canfield. This alleged misrepresentation consists in statements that Mrs. Canfield is said to have made prior to the purchase, that there were no easements in the premises as to a railroad siding across it, except as stated in a certain written agreement dated April 3d 1908. This agreement provides that the license to maintain a siding across the property could be terminated by the parties upon thirty days' written notice. Defendant says there were other rights in this siding because Mrs. Canfield orally granted to the Franklin Lumber Company a right to maintain the siding forever. Defendant, after purchasing the property, gave the thirty-day notice to remove the tracks in accordance with the agreement of April 3d 1908. Franklin Lumber Company filed a bill in this court seeking to prevent him from so doing. This case has never come to final hearing.
In the meantime the Lehigh Valley railroad condemned the land necessary for the maintenance of the siding. Its right so to do was upheld by the supreme court, and it has paid the award into the court of chancery.
The legal reasons why this claim appears to me to be untenable are — First, an easement in land cannot be granted by parole. The leading case is that of Lawrence v. Springer, 49 N.J. Eq. 289.
The unanimous opinion of the court of errors and appeals was written by Chief-Justice Beasley. The syllabus reads: *Page 169 
"1. It would seem that an easement cannot be in this state imposed upon land by force of parole evidence.
"2. A license executed at the expense of the licensee will not have that effect."
There are numerous later decisions to the same effect which is unnecessary to refer to here.
Second, in order to make this alleged easement a valid one there must be some conveyance of it in writing joined in by the husband. The proofs show that Mrs. Canfield was a married woman living with her husband at the time she is said to have made this agreement. There is no evidence that he acquiesced or knew anything about it. See Hollander v. Abrams, 100 N.J. Eq. 298,
as to the facts in the case. In Lawrence v. Springer, supra, the court said:
"Nothing is clearer or more settled than that in all cases in which any court has validated an encumbrance imposed upon land by force of a parole contract that such contract has been required to be proved to the point of demonstration and that a repudiation of it would work irreparable injury."
Mrs. Canfield denies absolutely that she ever made any such statement, and it is highly improbable to my mind that she would. She lived near the siding and the opening and shutting of the gates caused her trouble and inconvenience. Moreover, she had already expressed herself in writing to the effect that the siding must be removed on thirty days' notice. Of this defendant was aware when he took over the property. The two witnesses who testified that Mrs. Canfield did make these statements were far from convincing, and contrasting their uncertain and evasive manner with the clear, straight-forward story of Mrs. Canfield, I do not hestitate to say that "proof to the point of demonstration" of this alleged oral agreement is wholly lacking. I will go a step further and say from the demeanor of the witnesses on the stand and their manner of testifying I am convinced that no such oral agreement was ever made. Having found that there was, in fact, no oral agreement, and such an agreement would, if it existed, be worthless in law, it is unnecessary to consider the other points raised by counsel.
Complainant is entitled to the relief prayed for, and I will advise a decree to that effect. *Page 170