This matter has been before the court in various phases for a considerable time. In December, 1925, the Franklin Lumber Company filed a bill to restrain the defendant, Gilbert *Page 367 
J. Vollick, from removing certain tracks, part of a railroad siding, from his land.
Complainant alleged that one Jennie Canfield, who sold the land to Vollick, had orally granted complainant a perpetual easement. Vollick denied this and asserted a right under a written agreement to remove the tracks on thirty days' notice.
Complainant is a very large concern, doing an extensive business, and the siding is the only direct connection between its plant and the railroad. As it was quite apparent that the removal of these tracks would cause irreparable damage and perhaps compel the company to cease operating altogether, I allowed a temporary injunction and set the case down for a hearing.
Before the return day, the Lehigh Valley railroad began proceedings to condemn the right of way over which these tracks ran. At the request of all counsel in the case, and their consent in open court, I continued the final hearing to await the outcome of the condemnation matter. The condemnation action was resisted and the right to condemn was challenged in certiorari
proceedings in the supreme court. That tribunal upheld the right and the award was paid into this court.
Another date was accordingly set for the hearing as to whether the temporary injunction should be made permanent. Before this date arrived, the Merchants Trust Company of Newark began the foreclosure of a purchase-money mortgage against Vollick, which it held by assignment from Jennie Canfield. Vollick filed an answer in which he claimed a set-off because of certain misrepresentations made to him by Mrs. Canfield. These consisted in statements, alleged to have been made by Mrs. Canfield prior to the purchase, that there were no easements in the premises as to a railroad siding across it except as appeared in the written agreement to which I referred above, whereas there were in fact other easements because Mrs. Canfield had granted to the Franklin Lumber Company orally a perpetual right to maintain the siding. In other words, having denied in the injunction matter that there ever was such an agreement, he insisted in the foreclosure proceeding that there was one. *Page 368 
I heard the case and filed an opinion, which is reported in103 N.J. Eq. 167. I there held that as a matter of fact Mrs. Canfield had never made any such oral agreement as Vollick first denied and then insisted upon, and, furthermore, that as a matter of law an easement in land cannot be granted by parole, citingLawrence v. Springer, 49 N.J. Eq. 289. An appeal was taken from this decree. The ground of appeal was that there was in fact an oral agreement.
A supplement to the original bill was filed, setting up the proceedings in the Lehigh Valley condemnation matter. A motion was made to dismiss this addition to the bill. I denied it and permitted the record to be offered in evidence. Then a motion was made to strike out the original bill and the preliminary injunction on the ground that there was in fact no oral agreement.
This chameleon-like attitude of defendant Vollick is rather difficult to understand. He had an appeal pending in which he insisted there was an oral agreement, and at the same time he asked to have the preliminary injunction dismissed because there was no such agreement.
An intimation was made in open court that should the preliminary injunction be dismissed before both appeals were settled, the tracks under discussion might be torn up. Under the circumstances, I felt that I should reserve decision on the matter of dismissing the original bill and injunction until the appeal from the supreme court in the condemnation proceedings and the appeal from my decision in the foreclosure matter were settled, because the decisions of the court of errors and appeals, as is quite apparent, might affect any final conclusion I might arrive at.
The time for filing an appeal from the decision of the supreme court has now expired, and the appeal from my decision in the foreclosure matter has been dismissed. It is therefore unnecessary for me to pass upon the propriety of the filing of the bill and the issuing of the temporary injunction. The matter is now academic. See Macklin v. Essex Park Realty Co.,101 N.J. Eq. 776.
However, to clear the record, I will advise a decree dismissing the bill. *Page 369