The defendant American Trust Company, as trustee under the will of Edwin S. Wilson, deceased, entered into a written lease with the complainant and William C. Silva, as lessees, covering certain land owned by the estate, which lease was to run for ten years from May 15th, 1920, at a monthly rental. The lease contained an option to the lessees to purchase the leased premises and the premises in the rear thereof for $7,000, subject to the right of the lessor to sell to any person other than the lessees at any time during the term of the lease, provided that the lessees should have the right to exercise their option before the lessor could convey to any other purchaser. Silva assigned his interest in the lease and option to the complainant, with the defendant's consent. In August, 1924, the complainant notified the defendant that he wished to exercise the option and desired a conveyance, whereupon the defendant prepared a deed for the purpose of conveying the land to the complainant, but when counsel for defendant examined the will of Edwin S. Wilson, he discovered that the power to sell and convey therein given to the defendant, was limited by a provision that any sale and conveyance during the lifetime of the testator's wife should be made only on her written consent. Thereupon the defendant requested Mrs. Wilson to join in the proposed deed to the complainant, and upon her refusal to do so the defendant notified the complainant that because of such refusal the defendant could not convey and the complainant replied that he would wait until Mrs. Wilson's death to get title. The complainant continued in possession of the lease and paid rent regularly to the defendant. Mrs. Wilson died April 1st, 1928, and immediately thereafter the complainant notified the defendant that he desired *Page 596 
to exercise the option and demanded a deed, tendering himself ready to pay the purchase price, but the defendant refused to convey. This suit to compel performance of the option was brought promptly after such refusal and the defendant defends on the grounds hereinafter stated.
1. That the option is invalid because the lease was not executed by the defendant in its capacity as executor, as well as trustee.
By the second clause of the will the testator gave all his property, real and personal, to his trustee in trust for certain purposes specified in the will and by the last clause appointed "as executor of this my will and as trustee hereunder without bonds the American Trust Company * * * with power to sell and convey any real estate I may die seized or possessed of" and he directed "said trustee" to care for the trust property; to use the income and principal for the purposes of the will; to keep the estate invested and to pay the income and principal as in the will directed. The testator died July 5th, 1912; his will was probated shortly thereafter and letters testamentary were granted to the defendant. The defendant filed but one account and that as executor; it was allowed by decree entered September 4th, 1914, and showed a balance of more than $16,000 of principal on hand. The defendant's duties as executor merely required it to collect the assets of the estate and to pay debts and administration charges and thereafter its duties were performed as trustee of the property given it in trust. The lease and option in question relate to trust property and the rent reserved by the lease was received by the defendant and paid to the beneficiaries of the trust. I think it beyond doubt that the power of sale given the defendant was given to it as trustee and not as executor, but if the will gives the executor, as such, a power of sale, such power was solely for the purpose of raising money to pay debts and the power certainly expired within the nearly six years which elapsed between the filing of the executor's account and the execution of the lease in question. *Page 597 
2. That the option to purchase was equivalent to a sale and is void because it was given without the widow's consent.
After giving the trustee power to sell and convey real estate, the will provides that "such sale and conveyance, if made during the lifetime of my wife, to be made only on her written consent." If, at the execution of the lease, the parties had in mind that the widow's consent was necessary to effectuate a valid conveyance in case the complainant desired to exercise the option in her lifetime, they may have believed that such consent could be obtained when asked. And so it might. In 1924, when the complainant first attempted to exercise the option, the widow might have consented and so the option would have been enforceable and valid from its date; it was merely inoperative during the widow's lifetime except with her consent. The situation is similar to the case of a vendor giving an option to purchase land which he believes he owns absolutely in fee, when, in fact, his fee is subject to a life estate or a dower right. Can it be said that the option is void for want of title in the vendor when, during the option period, the life tenant or doweress may be willing to join in a conveyance or may die?
In Brown v. Pinniger, 81 N.J. Eq. 229, the vendor at the time she entered into a contract to convey the fee, was possessed of an estate in dower only, but she subsequently acquired the fee and it was held that having situated herself so that she could, if willing, carry out the terms of the contract, specific performance should be decreed. In Union, c., Co. v.Lorillard, 44 N.J. Eq. 1, a married woman gave an option in which her husband did not join, for the purchase of land. The husband subsequently died and thereafter the holder of the option elected to purchase. It was held that at the death of the husband the limitation of the Married Women's act upon the execution of the contract by conveyance, and with it the objection to specific performance of the contract, were removed. This case was affirmed on other grounds in 45 N.J. Eq. 289. In Hollander v. Abrams,99 N.J. Eq. 254, the contract to convey was made by a married woman without *Page 598 
the joinder of her husband and the husband and wife were thereafter divorced. It was held that during coverture the contract was enforceable only at the will of the husband, but when the right to exercise such will ceased to exist, performance was no longer subject to his will and the removal of coverture before the time fixed for performance, rendered the contract enforceable. This case was affirmed on other grounds in 100 N.J. Eq. 298.
The cases cited seem to me to be similar in principle to the instant case and to lead to the conclusion that the option in question was not void either at the time it was given, or at any time, during the period for which it was given. From the evidence it appears that Mrs. Wilson's refusal to join in a conveyance was arbitrary. She did not assign inadequacy of consideration as a reason for her refusal and the defendant does not now urge that defense. Neither did she, nor does the defendant now, claim that the option is in any way inequitable. The right of the widow to veto a conveyance by the defendant evidently was given her for some supposed benefit to accrue to her or to the estate by its exercise during her life, and the testator determined that after her death there could be no advantage to the estate in limiting in any way the defendant's power to convey. Therefore, when the reason for restricting free action by the defendant ceased, there can be no valid reason for refusing to give effect to a contract which seems in all respects to be fair and just. The widow being dead, there is nothing to prevent the defendant from entering into a new contract to convey to the complainant at the option price, unless the defendant believes that such price would now be considered inadequate and if the property has enhanced in value since the date of the option, it is inequitable to deprive the complainant of the benefit of his bargain for a reason which seems to me to be most technical.
3. That the complainant having attempted to exercise the option in 1924 and being then unable to enforce it, must be held to have exhausted or abandoned his rights under the option. *Page 599 
There is nothing in the evidence to show that the complainant and defendant did not enter into the lease in perfect good faith, with the belief on both sides that the defendant had sole authority under the will to lease and give the option to purchase. It seems that the defendant's officers had forgotten the provision of the will requiring the widow's consent to a sale, and to charge the complainant with notice of such provision and with knowledge that he was entering into an agreement which he might not be able to enforce, it must clearly appear that he had such knowledge. White v. Weaver, 68 N.J. Eq. 644. It rather appears that the first notice the complainant had of the widow's rights came through the defendant after its counsel called its officers' attention to the provisions of the will, when the complainant had demanded and the defendant was about to execute the deed. It is conceded that the widow's refusal to join in the deed made it impossible for the defendant to convey valid title at that time. The complainant was informed of the legal impediment in the way of securing the title he then wanted and he accepted a situation which he could not change or for which he was not at fault, and he said he would wait until the widow's death before insisting upon the conveyance to which he believed he was entitled. In the meantime he remained in possession under his lease and paid his monthly rent regularly. The option was part of the lease and the consideration for the option was the rent paid by the complainant and accepted by the defendant each month from August, 1924, to and after the widow's death, thus keeping the option alive from month to month. After the widow's refusal to convey in August, 1924, the complainant and defendant appear to have abandoned their mutual purpose to then purchase and sell, but they showed no intention to modify their rights and obligations under the lease and continued their relations as lessor and lessee with all the rights to each as specified in the lease. In the absence of any evidence to the contrary, I shall hold that the complainant did not abandon his rights under the option and that the complainant and defendant understood *Page 600 
and acquiesced in the postponement of the assertion of those rights until the widow's death, provided the lease was then still in effect. McCormick v. Stephany, 61 N.J. Eq. 208; Thommen v.Smith, 88 N.J. Eq. 476.
The other defendants herein are beneficiaries under the will of Edwin S. Wilson, and their interests are subject to the trustee's power of sale. A decree will be advised in favor of the complainant.