Thompson *v.* Behrmann.

---

JOHN THOMPSON et al.

*v.*

HENRY BEHRMANN.

A preliminary injunction restraining the proprietor of a shooting-gallery from so using it or permitting it to be used as to annoy the neighbors with the noise and smoke of the shooting was granted on order to show cause, it appearing that it was a nuisance at the time of filing the bill, though the evidence was conflicting whether it was so or not at the time of hearing the order to show cause.

Bill for injunction. On order to show cause and depositions taken thereunder.

*Mr. Z. M. Ward,* for complainants.

*Mr. J. W. Griggs,* for defendant.

Thompson *v.* Behrmann.

THE CHANCELLOR.

Each of the two complainants is the owner of a dwelling-house in Paterson, in which he resides with his family. The defendant has a rifle range, established in June last, on a lot laterally adjoining the property of Thompson, one of the complainants, and about forty feet from the lot of Heinrich, the other. There is a store in each of those dwelling-houses. The bill states that for the period of two months past the defendant has, for hire, permitted large numbers of persons to shoot in the range, and has, almost continuously during that time, allowed the shooting to be kept up until late at night; that the complainants and their families, and the tenants of Thompson, are and have been greatly annoyed and disturbed by the noise of the shooting in the range; that Thompson and his family and tenants have been awakened from their sleep and kept awake by it at night, and are and have been so annoyed by the smoke from the powder, that they are and have been compelled to keep their windows shut in order to exclude it, and that Heinrich's children have been awakened and kept awake by the noise of the shooting.

The defendant, by his answer, denies that the shooting in the range is a nuisance, and alleges that since the 8th of August last (the bill was filed on the 25th of that month), he has used no rifle there but one of small calibre and adapted to and made expressly for rifle galleries in cities. He admits that he keeps the range open until eleven o'clock on Saturday nights and until ten

NOTE.—As to nuisances caused by noise &c., see *Demarest* v. *Hardham, 7 Stew. Eq. 470, note; Wood on Nuisances ch. XVI.; 15 Alb. L. J. 245; Bellemont Co. v. Fifth Baptist Church, 27 Alb. L. J. 488; Poole v. Coleman, 8 Daly 113; Broder v. Sauliard, L. R. (2 Ch. Div.) 692; Campbell v. Seaman, 63 N. Y. 568; Penna. Lead Co.'s Appeal, 96 Pa. St. 116; Sturges v. Bridgman, L. R. (11 Ch. Div.) 852; Davis v. Sawyer, 133 Mass. 289.*

Making a public speech in a street is not, *per se,* a nuisance, *Fairbanks* v. *Kerr, 70 Pa. St. 86;* but collecting a crowd of noisy and disorderly people by entertainments of music and fireworks is a nuisance, *Walker* v. *Brewster, L. R. (5 Eq.) 25; Rex v. Moore, 3 B. & Ad. 184;* or the shouting and music from a circus, *Inchbald* v. *Robinson, L. R. (4 Ch. App.) 388.*

As to noise and annoyance caused by rifle practice authorized by statute for military purposes, see *Hawley* v. *Steele, L. R. (6 Ch. Div.) 521.* See, further, *22 Am. Law Reg. (Oct., 1883) 625.*—REP.

on other week-day nights. He was notified on behalf of the complainants on the 11th of August that the shooting was a great annoyance to them, and was requested to put a stop to it. He paid no attention to the notice. I am satisfied from a careful examination of the evidence that when the bill was filed and the order to show cause served, the shooting in the range was a nuisance, not only to the complainants, but to other persons residing in the neighborhood, and that it was one of such a character as to warrant the application to this court. Since that time it appears that there has been much less annoyance. The defendant insists that there is none at all. Perhaps the shooting can be so conducted as not to annoy the neighbors. There is a conflict of testimony as to whether it is so conducted now. Being satisfied that there was ground for an injunction when the bill was filed, it is my duty, under the circumstances, to grant the writ. The defendant has not stopped the shooting, but is now using a rifle of smaller calibre. Had he ceased altogether there would have been no need of an injunction, but he has not, and he may again conduct the business in such a way as to be a nuisance, if he does not do so now. The complainants have a right to protection. There will, therefore, be an injunction restraining the defendant from so using the shooting-gallery or rifle range, or permitting it to be used, as in any way to annoy the complainants or their families, or tenants occupying their respective premises, by the noise of the shooting or the smoke therefrom.