## SARAH I. HALL

*v.*

## THE HOME BUILDING COMPANY.

[Filed October 15th, 1897.]

1. By the terms of a mortgage it is provided that the mortgagee shall, on request, release from the lien of the mortgage, for each $90 of principal paid, a lot of land to be selected by the mortgagor, or its grantee, containing two thousand square feet. There was a default in the payment of the interest due on the mortgage. Bill was filed to foreclose. A defendant who was a grantee of the mortgagor had made an inefficient tender, which he set up by way of answer. This was overruled. He now claims to have made a tender of $90 to the mortgagee, with a demand for the release of two thousand square feet of land conveyed to him and selected by him in accordance with the above provision. This tender and demand were made after the bill filed, but before decree against the defendant.—*Held*, the defendant should be permitted to file a supplemental answer, setting up the later tender and demand.

2. The court will not refuse to hear a defence based upon an event which has happened since the filing of the bill, unless there be something in the relation of the parties, or the subject-matter of the suit, which should exclude the proposed defence.

On bill, &c., and petition for leave to file supplemental answer.

On order to show cause why the defendant Abram Anderson should not be allowed to amend his answer and set up a tender and request for release made subsequent to the filing of his answer.

*Messrs. Bergen & Bergen*, for the complainant.

*Mr. John F. Harned*, for the defendant Abram Anderson.

GREY, V. C. (orally).

I think the counsel have diligently examined this case, and I have gone over it myself with care, to see whether or not the petitioner ought to be allowed, under the terms of the agreement,

and in the present *status* of the case, to come in by way of supplemental answer, and, if need be, by cross-bill, to assert his rights. In my view, this is not a case where there is a seeking to amend because of a mistake of law. The cases where an amendment is refused on account of a mistake of law are those where, on the facts existing at the time the answer was filed, the answering defendant had set up his theory of defence against the complainant's bill, and after the court had delivered itself of an opinion, as in the case referred to in the collection of Marshall's opinions, *1 Brock. (Va.)*, where the defendant desired to amend his pleadings by a supplemental answer to conform to the opinion of the court. In this case there has been no opinion of the court on the facts which are sought to be set up here. It is an entirely new condition of things which the defendant Anderson claims he is entitled to submit to the court, to see whether or not it will affect the court's judgment on the final decree of this case, which, as to him, has not been made. I am very clear that where the after-happening fact sought to be brought in affects the equities of the parties, and would influence the court in coming to a final decree, a supplemental answer setting up that fact which has come into existence since the bill and answer were filed, should be allowed. I know it is common practice, and has been done in this state again and again. That is, the court will not refuse to hear a defence based upon an event which has happened since the filing of the bill, unless something in the contract, the relations of the parties, or in the subject-matter of the suit, is of a character to cut off the new defence.

Whatever rights the defendant has to set up the defence which he opens in his petition, are claimed to exist under the contract set out in the complainant's bill, and that contract is expressed very clearly as to its meaning, in my judgment. The defence arises under the second proviso, which is in these words:

"Provided, however, that during said term of five years the said company obligor, its successors or assigns, might at any time pay, on account of the said principal sum, such sum or sums of money as it or they might desire; provided, that the sum of eight thousand dollars at least, each year, should be paid on account of the said principal; and provided further, that the said

obligee, her heirs, executors, administrators and assigns, should, and they did thereby agree, from time to time, and as often as request was made to her or them for that purpose, to release from the lien and operation of the said accompanying indenture of mortgage, for each ninety dollars of principal paid, a lot of land to be selected by the said party obligor, its successors and assigns, containing two thousand square feet of land."

Under that clause there was given to the mortgagor and to the mortgagor's assigns a privilege, without specification of any time within which it should be exercised, to demand from the mortgagee a release from the lien and operation of the mortgage of such lot of land as the mortgagor or his assigns might select, containing two thousand square feet of land, upon the tender of $90 of principal.

The effect of that proviso, in the view which I take of it, is that it gives the defendant Anderson in this case, who is the grantee of the mortgagee, a right to select two thousand square feet of the land which has been conveyed to him, and to offer to pay the mortgagee $90 for a release of the selected two thousand square feet, and having done that he was entitled to a release of that portion of land from the lien of this mortgage and to claim that the mortgage was thereafter no lien on his land. When the parties made that bargain they did not attempt to create the relation of debtor and creditor between the grantees of the mortgagor and the mortgagee. Nothing in the contract imposed upon the grantees of the mortgagor any obligation to pay anything unless they desired to redeem a lot of two thousand square feet as prescribed in the proviso, in which case they were required to pay $90 to the mortgagee to secure a release of the lot. This proviso is an independent undertaking on the part of the mortgagee to release a lot of two thousand square feet on those terms, and the grantee of the mortgagor had no obligation to pay any additional sum; nor was the grantee called upon to show that the mortgagor had, at the time when the grantee undertook to accomplish a release, precedently paid up all interest due on the principal debt; nor was the grantee obliged to make his tender at a time preceding the bringing of the foreclosure suit. The

Hall v. Home Building Co.

previous hearing of this case, which was had on the question of the sufficiency of the first tender, was a hearing on the facts as they then existed, and the later tender of payment for a release under the proviso since this suit may be made just as if the suit had never been begun.

In my view, if this grantee of the mortgagor had never made any tender, but had been made a party and brought in here, and he had then made a tender as he now says he did, and asked leave to set it up under the terms of that contract, he had a right to set it up. That is exactly his attitude. That he had previously made an ineffective tender did not preclude him from afterward making an effectual one. He says he has now made a tender of $90 and has notified the mortgagee of the particular piece of land that he demanded should be released. I think he has a right, in view of the fact that no decree has been taken against him in that respect, to set up this new condition of affairs, and that such an application is not based upon a mistake in law as to an existing condition of fact on which the court has passed an opinion, but is offered on the part of the defendant to set up facts happening, of course, by his own creation, but which, by the contract, he had a right to create, since the filing of the bill. He had, under the contract, a continuing right to make this tender and demand the release of the two thousand square feet, certainly all the way up to the time when he should be cut off by the decree, and perhaps up to the time of an actual sale.

In *Chrisman* v. *Hay, 43 Fed. Rep. 553,* a purchaser of a lot was, under a similar contract, allowed to redeem at a date subsequent to a decree, the decree specifying the time within which he should redeem or be foreclosed of his right. This would fully justify the defence of a tender of redemption after suit begun, more especially when the bill in this case makes no affirmative allegation against the petitioning defendant, denying the existence, when the bill was filed, of his right then or thereafter to exercise this privilege to make a tender and thus to accomplish a release of the mortgage. All that is alleged in the bill is that the defendant Anderson has obtained a deed of these

premises, and that his land so purchased is subject to the mortgage, but there is nothing in the bill which charges that he has no right to exercise his privilege of choice and tender for a release of the mortgage, nor is there any prayer that he may be cut off from it thereafter. The defendant Anderson was under no obligation to redeem the mortgage except as to his own piece of land, and the method he might pursue to be rid of the mortgage as to that piece was fixed by the contract between the parties.

If, by construction, such a burden were cast upon him, it would be to add a new term to the contract, and one of so much importance that, it seems to me, it would have been expressly stated had it been intended. The complainant's claim is that before the release of any lot under the proviso can be fully demanded, the outstanding interest due on the whole mortgage debt must have been discharged. Such a construction would oblige the grantee to see that the interest on $63,800 was paid as a condition precedent to his tender of $90 for a release of a lot containing but two thousand square feet. The true construction of the contract does not, in my judgment, cast upon a grantee of a portion of the premises such a duty as a condition precedent to his right to tender the $90 and demand a release of two thousand square feet, part of the mortgaged premises which had been conveyed to him.

I will advise an order that the defendant Anderson be permitted to file a supplemental answer setting up the facts referred to in his petition, and a cross-bill, if necessary to his relief.