JACOB MACKLIN, complainant-respondent,

*v.*

ESSEX PARK REALTY COMPANY, defendant-appellant.

[Submitted May term, 1927.   Decided October 17th, 1927.]

1. The legality of an order appointing a receiver in a foreclosure suit by the court of chancery, on appeal, will not be considered, after a decree *pro confesso* has been entered, the master's report confirmed, a *fieri facias* issued, and a sale of the mortgaged premises had, the sale confirmed, and the ordering of a conveyance of the land covered by the mortgage to the purchaser at the sheriff's sale.   *Held*, the appeal will be dismissed.

2. The appellate court will not consider moot or academic questions.   When a decree or order of a court has been executed, its force spent and there is no redress which the appellate court can give, the appeal will be dismissed.   Under the statute it is one aggrieved that may appeal.

---

On appeal from an order of the court of chancery advised by Vice-Chancellor Church.

*Messrs. Corn & Silverman,* for the appellant.

*Messrs. A. Milton Jacobs* and *Samuel Rusinow,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

A bill of complaint was filed in this case to foreclose a mortgage. An answer was filed. On notice the answer was stricken out on the ground that it contained no defense. It was sham and frivolous. Thereupon, a decree *pro confesso* and an order of reference to a master was made, to ascertain and report the amount due on, and the priorities of, the respective mortgages.

An order appointing a receiver was advised by Vice-Chancellor Church; from this order an appeal was taken to this court.

The record further shows that on January 25th, 1927, the master's report dated January 7th, 1927, was confirmed; the mortgaged premises ordered to be sold and a writ of *fieri facias* issued to the sheriff of Essex county commanding him to make sale of the mortgaged premises according to law. The premises were so sold; on April 9th, 1927, an order was made in the court of chancery confirming the sale, as valid and effectual in law, ordering the sheriff to execute a good and sufficient conveyance to the purchaser, John J. Stamler. On January 29th, 1927, a stipulation in writing was made by the respective solicitors that the order appealed from be stayed only in so far that the receiver appointed by the court under such order shall not disburse any of the funds received by him, except for the payment of the taxes, installments of principal and interest on the first mortgage, pending a final decision of the appeal in this court.

In this situation there is nothing for us to consider, except a moot or academic question and this we decline to entertain. It is an elementary rule of law, long settled and firmly established, not only in this court but in other jurisdictions, that courts do not and will not consider moot questions. Hence, the appeal must be dismissed. As was stated by this court in the case of *Coryell* v. *Holcombe, 9 N. J. Eq. 650.* The appellant can derive no benefit from the judgment of this court. The object of the order has been attained. The order has

been executed and its force spent. There is no redress which this court can give to the appellant, even if we thought the order appointing a receiver was erroneous. The purchaser is in possession of the mortgaged premises. The sale has been confirmed by the chancellor. We are powerless to change the existing status. Under the facts, a judgment of this court would be an empty and profitless act. Under the statute, it is one aggrieved that may appeal to this court. Other cases illustrating this principle are *Black* v. *Delaware, &c., Co., 24 N. J. Eq. 489; Camden, &c., R. R. Co.* v. *Elkins, 37 N. J. Eq. 273; Council of Gloucester City* v. *Green, 45 N. J. Eq. 747; Trustees of Huntington* v. *Nicoll, 3 Johns. R. 587.* Many cases to the same effect are collected in *15 Corp. Jur. 783* § 77.

The appeal in this case is dismissed.