The complainant Hagaman sold a tract of forty-five lots and took the mortgage under foreclosure in part payment. He assigned a half interest to his co-complainant. The mortgage, for $14,000, bears date February 7th, 1927, payable February 7th, 1933, with interest; it is silent as to the usual six months installment payment period and as to the rate of interest although it contains a futile thirty-day default clause. It contains this covenant:
"The party of the second part hereby agrees and this mortgage is given with the understanding that any one of the above-mentioned lots excepting the small triangular piece in the southeast corner, will be released from the operation of this mortgage upon the payment of $350 on the principal hereof."
Two lots were released to the mortgagor, Latcovich, who sold the remaining forty-three to one Johnson, who conveyed forty of them to one Nielson, who conveyed to the defendant Frederick. Frederick built two houses on three adjoining lots at a cost of $19,000, mainly at the expense of contractors and material men. Unable to pay, he agreed to convey the houses to Drummond, the mason contractor, in satisfaction of his debt upon his promise to pay the other claims, provided the mortgage be released.
The bill is the ordinary foreclosure bill and counts on default in the payment of taxes to accelerate the due date. Frederick and Drummond counter-claim that the complainants release the two houses and lots. The cause was by a consent reference sent to a master under rule 192, to ascertain *Page 290 
and report the sums due the complainants and subsequent lien holders and the order of priority and also to report upon the issues raised by the defendants Herman Frederick and Lester L. Drummond, on their answers and counter-claims. The master reported in favor of the counter-claimants, that the complainants release, to which the complainants except.
Frederick is entitled to a release. The benefit of the release clause is not limited to the mortgagor as in Dimeo v.Ellenstein, 106 N.J. Eq. 298. It attaches to the tract of land and inures to the lot owners as in Ventnor Investment and RealtyCo. v. Record Development Co., 79 N.J. Eq. 103. But he is not entitled to a release upon the terms fixed by the master.
After Drummond agreed with Frederick to take over the houses and the complainant, Hagaman, had been approached regarding the release, his lawyer, Miller, wrote Frederick under date of March 7th, 1930:
"I represent John Hagaman, who holds the first mortgage on the land you purchased from Anders Nielson.
"No interest, taxes and assessment payments have been made for one year. You have until March 15th to clean this up. Unless it is done, I shall follow the instructions of my client and foreclose. This is the only notice you will receive for service of subpoenas.
"I might also state that Mr. Hagaman refuses to release the land upon which you have built some buildings, unless you pay the items above mentioned."
There was no interest due under the terms of the mortgage, although it had been paid to April 1st, 1929. Taxes for the years 1927, 1928, 1929 amounting to $1,600 were unpaid. The assessment for paving was levied against the whole tract in 1926, during Hagaman's ownership and he conveyed to his mortgagor, Latcovich, and took his mortgage subject to the lien. Immediately upon receipt of the letter, on March 10th, Frederick called for the release, offering to pay the sum fixed by the covenant, but the complainants refused unless he complied with the terms of the letter. The demand was made before the forfeiture was declared. The *Page 291 
bill was filed April 10th, 1930. Objection is made, that there was no formal tender, but in the circumstances, that would have been an idle gesture. The parties had reached an impasse. It is sufficient that the party seeking specific performance be ready, able and willing to perform. Meyer v. Reed, 91 N.J. Eq. 237.
Frederick met that test. Drummond had the money and stood ready to advance it. However, the extraordinary relief of specific performance resting, as it does, in sound discretion, is not to be extended to Frederick except upon equitable terms, that he restore the status quo ante of the mortgage security as of the time of the covenant. The mortgagor covenanted to pay the taxes and through his and Frederick's default, they have become superior liens to the mortgage. Frederick must pay them. He will also pay the interest which has accrued on the assessment; to that extent only has the mortgage security suffered; the assessment was a prior lien to the mortgage at its execution, and when the release should have been forthcoming, March 10th, neither the mortgage debt nor the interest had accrued.
Reporting that the complainants should release the houses and lots, the master incongruously reported that they should be sold under the complainants' decree to satisfy the lien claims. Freed of the mortgage lien, the report should have been confined to the remaining mortgaged premises. The bill will be dismissed as to the lien claimants, including Drummond, who is a lien claimant.
Drummond had not the status of an equitable owner when the release was demanded. His offer to take over the houses was tentative, conditioned upon procuring the release. Had it been binding and he the equitable owner, he might have escaped the equities exacted from Frederick. Hall v. Home Building Co.,56 N.J. Eq. 304.
 Modified as indicated, the master's report is sustained. *Page 292