In this suit to foreclose a mortgage, the defendant Oscar Vanderzee has interposed a counter-claim in which he prays that certain lots among those covered by the mortgage be released from the lien of the mortgage. Vanderzee Brothers Building Company, a corporation, executed to complainant two mortgages on premises purchased by it from complainant. The building company has been dissolved and in the proceedings in connection therewith there was awarded by the court to defendant Oscar Vanderzee, an interest in the land amounting to eleven-twentieths as part of his distributive share in the assets of the corporation, and he claims that he is entitled to a pro rata share in a right to releases to the corporation in accordance with the provisions of the mortgage and the facts in connection with payments thereon. *Page 2 
There were originally two mortgages on the premises, both being purchase-money mortgages and the first being in the amount of approximately $53,000 and the other one in approximately the amount of $27,000 as balance of the purchase price of $105,000. Both mortgages were executed September 21st, 1928. The mortgages provided that they should be concurrent liens and further provided that the mortgagee agreed "to release from the lien of both of said mortgages any of the hereinbefore mentioned lots fronting on Rock road, on the payment at the rate of $20 a front foot on each lot so released, and will release any other of said lots upon payment at the rate of $15 per front foot, and the money so paid shall be first applied in reduction of the mortgage given to secure the sum of $27,555, until the same is fully paid and satisfied and thereafter shall be applied in reduction of the mortgage given to secure the payment of the sum of $53,037." The mortgages were for a period of five years with interest at six per cent. on the larger mortgage and five per cent. on the smaller. The mortgagor in fact actually did make payments on account of principal of the mortgage from time to time beginning May 1st, 1929, and continuing to June 27th, 1930, aggregating $43,000. In consideration of these prepayments on account of principal, by agreement between the mortgagor and mortgagee, discounts or extra credits on account of payment of principal were made at the time of each prepayment. These additional credits were at the rate of approximately ten per cent. on the first prepayment and at the rate of approximately fifteen per cent. on the subsequent prepayments. These additional credits or allowances on account of principal aggregated $5,872, so that at the time of the last payment in June, 1930, the two mortgages were reduced by the amount of $59,672, which completely paid off the smaller mortgage and reduced the remaining larger one to approximately $21,000, together with interest and taxes which have since accrued. There is no dispute as to the foregoing facts. It is also conceded that no formal releases were ever executed by the mortgagor on any specific or other lots covered by the mortgages, although defendant Oscar Vanderzee, *Page 3 
who was an official of the building corporation while it was engaged in business, testified that he asked for and was promised such releases. This is denied by the officers of complainant, who testified that the subject of releases was never discussed by the complainant with anybody representing the mortgagor. They testified that although no releases were ever asked for, they would not have granted a release in view of the fact that an extra discount or credit was given in each case because of prepayment on account of principal, and that they would have refused to give both releases and extra credits. In view of the fact that they testified the matter was not discussed, such present declaration of what their attitude would have been carries very little weight.
However, irrespective of whether releases were in fact demanded, the provisions of the mortgage itself and the fact that payments were made entitle the mortgagor and defendant Oscar Vanderzee as its successor to the extent of his interest, to releases in accordance with the terms of the mortgage to the extent of the payments. The mortgage expressly provided for releases and there is no claim made by the mortgagee that there was ever any waiver of this right, since the testimony of the officers of the mortgagee is to the effect that the subject was never mentioned. Therefore the extra credits because of prepayment could not have been a consideration for the waiver of a right to releases. Even if the releases were not demanded at the time payments were made on account of principal, the right to releases in accordance with the terms of the mortgages remained alive and is still available, since these payments were made before a default on mortgages. It has been held a release may be demanded even after the institution of foreclosure proceedings.American Net and Twine Co. v. Githens, 57 N.J. Eq. 539. There the court held that the right of redemption existed until it was foreclosed. The benefit of the release clause is not limited to the mortgagor. It attaches to the tract of land and inures to the lot owners. Hagaman v. Frederick, 109 N.J. Eq. 288.
It would seem clear therefore that Oscar Vanderzee is entitled to releases to the extent of his proportionate share of *Page 4 
the sums actually paid on account of principal of the two mortgages. I do not consider, however, that the release clause should operate so as to give a right to releases for the sums allowed on the mortgage by way of discount because of prepayments in the absence of an express agreement to that effect at the time of the granting of these extra credits. The release clauses are to give the right by their terms "upon payment" and I construe this to mean upon actual payment and not to include any concessions because of prepayment.
A decree will be advised in accordance with this opinion. *Page 5