This is a labor controversy. Complainant's employes, members of the two defendant unions, struck. Complainant filed its bill praying an injunction against picketing and other allegedly unlawful features of the strike. Defendants answered, denying the wrongful acts charged. Defendants now move for leave to file a supplemental answer setting forth that since the suit was commenced and their former answer was filed, they have abandoned the strike, withdrawn the pickets and the strikers have either returned to work with complainant or obtained employment in other factories.
Where after happening events constitute a defense to the action or affect the equities of the parties and would influence the court in coming to a final decree, a supplemental answer should be allowed. Hall v. Home Building Co., 56 N.J. Eq. 304. Does the abandonment of the strike constitute a defense? In Reynolds
v. Everett, 144 N.Y. 189; 39 N.E. Rep. 72, it was held that a final injunction against striking employes was properly refused where, before trial, the strike had ceased. An injunction is a preventive remedy; not a punishment for past wrongs. An injunction will be denied when it appears, even at final hearing, that a change in conditions pending the suit, renders an injunction unnecessary to protect complainant. This was assumed to be the rule in Carlisle v. Cooper, 21 N.J. Eq. 576, 587,
and Thompson v. Behrmann, 37 N.J. Eq. 345. Defendants will have leave to file their supplemental answer.
Complainant's counsel stated on the argument that he would be unable to file a replication but would have to admit the truth of the supplemental answer. An injunction is no longer necessary; whether it was once needed is a moot question which the court will not try. Macklin v. Essex Park Realty Co., 101 N.J. Eq. 776.
The topic of costs will undoubtedly arise when the decree is presented. If complainant had a good cause of action *Page 434 
when it filed the bill, it is not deprived of costs by a cessation of defendants' wrongful conduct. Baldwin v.Chesapeake, c., Telephone Co. (Md.), 144 Atl. Rep. 703;Wolcott v. Doremus (Del.), 101 Atl. Rep. 868; ContinentalSecurities Co. v. Rapid Transit Co., 221 Fed. Rep. 44;136 C.C.A. 570. Since defendants rely on their subsequent acts to secure a dismissal of the bill, I think it should be assumed (though only for the purpose of placing costs) that complainant's suit originally had equity.