In this matter, the solicitor for complainant has applied for costs and counsel fee. On December 28th, 1938, I filed a memorandum which, in part, reads:
"While the bill of complaint, among other things, alleges the existence of a strike and charges activities on the part of the defendants which are in violation of complainant's rights, and are consequently, improper and injurious to the complainant, by reason of which the complainant sought an injunction against the alleged acts of the defendants, the facts submitted by the stipulation are to the effect that a strike no longer exists; that the alleged activities of the defendants have ceased; that the defendants have returned to work under a contract between the complainant and the defendant union. Since the complainant and the defendants have amicably settled their differences, no purpose would be attained by the issuance of an injunction.
"Counsel for the contending parties agree that under paragraph 2 of the stipulation * * *, the suit should be dismissed since the case is now moot. I am in accord with that view. GeneralLeather Products Co., Inc., v. Luggage and Trunk Makers Union,c., 119 N.J. Eq. 432; affirmed, 121 N.J. Eq. 101. I shall advise an order accordingly."
The defendants oppose the award of costs and counsel fee. They point to the stipulation filed herein, mentioned in my memorandum, which indicates that it was their desire to have the issue decided upon the record enumerated in paragraph 1 of the stipulation. That record is:
"(a) The pleadings filed herein.
"(b) The affidavits annexed to the bill of complaint.
"(c) Defendants' answering affidavits filed November 15th, 1937 (Kaufman, Preston, Lamb, Kelleher, Morgan, Kelleher).
"(d) Complainant's affidavits filed December 1st, 1937 (Lazarus, Zinader, Varady). *Page 42 
"(e) Defendants' affidavits filed December 1st, 1937 (Shapiro, Zigalka).
"(f) The transcript of the oral testimony and the two exhibits in the cause entitled "In the matter of the alleged contempt of the Hudson County Newspaper Guild, and others," which cause was heard before James F. Fielder, vice-chancellor, subject, however, to defendants' right, which is hereby expressly reserved, to object to all or any part of said oral testimony and exhibits, and to object to the court's consideration thereof in this cause, on the ground that the same is irrelevant, incompetent or immaterial."
In dismissing the suit (because it "is now moot"), I did not feel that it was necessary to consider the record mentioned in paragraph 1 of the stipulation.
The defendants differentiate their position from that of theGeneral Leather Products Co., Inc., v. Luggage and TrunkMakers Union, c., supra, upon which complainant relies for support of its motion for an allowance, by saying that in theGeneral Leather Case, the defendant obtained leave to file a supplemental answer alleging that the issue between the parties was moot; consequently, a dismissal of that suit was then directed. In the instant case, the defendants say that bothparties conceded the issue "is now moot," but, notwithstanding, they were ready to proceed to a hearing, from which the court could determine the equities between the parties. In support of their attitude, the defendants call attention to their communication dated December 12th, 1938, in which "they do not move to dismiss, since they are entirely willing to have the court consider the case on final hearing." I am satisfied the position of the defendants in the instant case, is different, and distinguishable, from that of the defendant in the GeneralLeather Case; and that the General Leather Case is not controlling herein. Here both parties to the suit say:
"(a) The strike which was in progress at the time the bill of complaint herein was filed, has ended.
"(b) Complainant's employes formerly on strike have returned to their employment with complainant. *Page 43 
"(c) A collective bargaining agreement is presently in force between complainant and the defendants.
"(d) All strike activities in the premises have ceased."
And "the case is now moot."
The differences that existed between the complainant and the defendants were heard and considered by the court of errors and appeals, who, in part, sustained the attitude of the complainant, and, in part, the conduct of the defendants.
The strike has ended; the former employes, who composed the strikers, returned to their employment with the complainant. They, the parties to the suit, amicably disposed of their business differences without the aid of this court. Having done so, I believe that it is but fair that they each assume their incidental expenses.
Under the existing circumstances, it would be purposeless to fix a percentage basis of degrees of fault as between the parties; they have adjusted their troubles and the "dove of peace" now serenely hovers above the flagstaff of their business enterprise. I feel that the application for an allowance of counsel fee and costs should be denied, and so advise. *Page 44