This cause came on for final hearing before me pursuant to order of designation on Monday, November 20th, 1939, at which time counsel for the defendants moved for leave to file a supplemental answer setting up certain facts indicating that the issues between the parties were moot and that there was no reason or necessity for a final hearing on the merits. Copy of the proposed supplemental answer was served upon counsel for the complainant at twelve o'clock noon on Saturday, November 18th, 1939, and he was then given notice of the application for leave to file it. When the application was made counsel for complainant neither opposed nor consented to the filing of the supplemental answer but conceded the truth of the facts therein pleaded. The motion was accordingly granted. *Page 446 
The supplemental answer alleges that "the controversy between the parties has been terminated, the strike in existence at the time of the filing of the bill of complaint in this cause has ended, and the questions * * * have become moot issues."
Upon the filing of this bill an order imposing temporary restraint against picketing and other strike activities was advised (see opinion of this court, 124 N.J. Eq. 584) from which an appeal was taken to the court of errors and appeals which reversed the order, as I understand it, upon purely factual grounds. 126 N.J. Eq. 321.
The supplemental answer further alleges that "In the time that elapsed between the entry of the restraining order by the court and the determination by the New Jersey court of errors and appeals, the individual defendants * * * secured employment elsewhere and have no further interest" in the controversy, and "have no further desire to carry on picketing or other strike activities of any sort." Also that the union defendant and its business agent have no further interest in the controversy and have neither desire nor intention to continue picketing and other strike activities, and that neither of these defendants is now authorized to act in behalf of the other defendants — the former employes of the complainant.
Interrogation of counsel by the court, when hearing the application for leave to file the supplemental answer, disclosed the fact that the issues in this cause became moot while the appeal was pending and long before the decision of the court of errors and appeals. Had either counsel called this fact to that court's attention the appeal would probably have been dismissed.Mitnick v. Furniture Workers' Union, c., 125 N.J. Eq. 142.
Had these facts been called to the attention of this court prior to the day set for a final hearing much valuable time of both court and counsel could have been saved.
Upon the filing of the supplemental answer counsel for the defendants suggested that, the issues having become moot, under well recognized rules the court should refuse to proceed *Page 447 
with the final hearing and that the bill should be dismissed. Counsel for the complainant did not oppose the suggestion but reserved the right to apply for counsel fees and costs in the event that the suggestion was adopted. Both counsel claimed to be prepared to proceed with the final hearing if the court directed them to do so. As "it is an elementary rule of law * * * that courts do not and will not consider moot questions" (Macklin v.Essex Park Realty Co., 101 N.J. Eq. 776; Mitnick v. FurnitureWorkers' Union, c., supra), I adopted the suggestion of counsel for the defendants, refused to proceed with the final hearing, and heard the motion of counsel for complainant for counsel fees and costs. He relied upon General Leather Products Co. v.Luggage and Trunk Makers' Union, c., 119 N.J. Eq. 432;affirmed, 121 N.J. Eq. 101. The motion was opposed by counsel for the defendants who relied upon Evening Times Printing andPublishing Co. v. American Newspaper Guild, 125 N.J. Eq. 40.
In the former case, Vice-Chancellor Bigelow said:
"Since defendants rely upon their subsequent acts to secure dismissal of the bill, I think it should be assumed (though only for the purpose of placing costs) that complainant's bill originally had equity. If complainant had a good cause of action when it filed the bill, it is not deprived of costs by a cessation of defendant's wrongful conduct."
In the Evening Times Case, Vice-Chancellor Egan refused to allow counsel fees or costs to either party; but the cases are not, as argued, opposed to each other. Vice-Chancellor Egan differentiated his case from that decided by Vice-Chancellor Bigelow. In his case the differences were amicably adjusted — settled by agreement. But in the General Leather Case, as here, they were not. In these cases, it was only as a result of the preliminary restraint that the controversy came to an end and the issues became moot. Here the complainant stood by its guns from the beginning, but the defendants retreated. True, neither of these facts show which side, if either, was right. But there can be no doubt but that the bill stated a good cause of action and it was not challenged *Page 448 
by a motion to strike. Assuming the facts to have been as alleged in the bill of complaint, there can be no doubt of complainant's right to relief. The appellate court did not hold otherwise, but only that, in view of the answering affidavits, the right of the complainant was not so clear as to justify a preliminary
injunction. Under the admitted facts, however, the complainant was justified in filing its bill and prosecuting its cause of action. It is not to be deprived of costs by a cessation of the acts complained of. General Leather Products Co. v. Luggageand Trunk Makers' Union, c., supra. But, after all, the question of costs and counsel fees is a matter lying in the discretion of the court, and they are not always allowed to the prevailing party as a matter of course.
I think the circumstances of this case entitle the complainant to an award of costs and counsel fee. Counsel seeks an allowance of $1,000, besides taxed costs. Costs, including a counsel fee of $500, will be allowed upon dismissal and I will advise a decree accordingly.