## ANDERSON v. ROY et al.

### No. 2314.

Court of Civil Appeals of Texas. Waco.

Jan. 16, 1941.

Lynn B. Griffith and A. D. Emerson, both of Waxahachie, for appellant.

J. L. Gammon, G. Goodwin Sweatt, and Will Hancock, all of Waxahachie, for appellees.

RICE, Chief Justice.

This is an appeal from an order of the district court of Ellis county, after an ex parte hearing, refusing to grant a temporary writ of injunction restraining the sheriff of Ellis county from selling, under order of sale issued out of said court, real property situate in said county.

This suit was brought by Eunice E. Anderson, N. C. M., by her next friend, A. H. Anderson, her husband, as plaintiff, against the sheriff in his official capacity and Rosa Alderman and Henry Alderman as defendants, as a direct attack on a judgment of said court theretofore rendered in a suit for debt and foreclosure brought by the Aldermans against the Andersons, wherein the Aldermans recovered a judgment for debt against A. H. Anderson and for foreclosure of their liens as against both the Andersons on real property alleged to be the homestead of the Andersons. From the last-mentioned judgment the Andersons appealed to this court; said appeal was dismissed and said judgment became final.

Thereafter, an order of sale was issued directing the sheriff to sell the real property in question in satisfaction of the indebtedness owing the Aldermans by A. H. Anderson. Sheriff Roy executed the writ and advertised the property for sale on March 5, 1940.

On March 4, 1940, plaintiffs filed this cause, alleging that the judgment under which said order of sale was issued was void or voidable because, among other reasons, Mrs. Anderson became insane prior to the rendition of the judgment and no guardian ad item was appointed to represent her; that the said real property levied on was the homestead of plaintiffs; praying for a temporary writ restraining the sheriff from selling said property on March 5, 1940; that on final hearing the injunction be made permanent and that the judgment be set aside as to Mrs. Anderson, and for general relief. This petition was not verified.

On March 5, 1940, on presentation, ex parte, of said petition the court entered an order denying plaintiffs the restraining order prayed for, to which the plaintiffs excepted and gave notice of appeal to this court; and, in perfecting said appeal, filed the affidavit of A. H. Anderson on March 23, 1940, of his inability to pay costs of court or give security therefor.

It appears from an affidavit filed in this court that without notice of said ex parte proceeding, the sheriff executed said order of sale on March 5, 1940, by selling the real property in question to Rosa Alderman and Henry Alderman, the highest bidders, and by executing and delivering on said date to the purchasers a deed of conveyance to said property, which deed was recorded in the deed records of Ellis county. Appellees' brief sets forth the same facts as contained in the affidavit referred to above. The verity of the facts stated above is not challenged by appellants.

It appears thus established without dispute that the act sought to be restrained, namely, the execution by the sheriff of Ellis county of the order of sale, has been fully performed. It would therefore be futile to grant appellant the injunctive relief prayed for; and the question as to the correctness of the decision of the trial court has become moot. Brown v. Fleming, Tex. Com.App., 212 S.W. 483; Anderson v. City of San Antonio, Tex.Civ.App., 26 S.W.2d 353; Whitesides v. Wood, Tex.Civ.App., 210 S.W. 333.

The appeal is therefore dismissed.