M. T. SHAW, Appellant,

v.

ALLIED FINANCE COMPANY, Appellee.

No. 15956.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 12, 1958.

Walker, Day & Harris, and Joe Day, Jr., Fort Worth, for appellant.

Locke, Locke & Purnell, and J. L. Shook, Dallas, for appellee.

## PER CURIAM.

■ This is an appeal from an interlocutory order appointing a receiver. The property was a Cadillac automobile. The suit on its merits was for debt and mortgage foreclosure by plaintiff Allied Finance Company against its mortgagor Parker and against M. T. Shaw, appellant herein, alleged to be in possession of the automobile under some character of claim of right and title.

After the appeal was perfected, the automobile was sold by the receiver under orders of the court below. We observe from ·the supplemental transcript this day filed that subsequent to the appeal taken by appellant Shaw the automobile was located and taken into possession by the receiver and that thereafter, pursuant to normal procedure, the automobile was sold by the receiver for cash, now held as "in custodia legis."

The Finance Company has moved for the dismissal of the appeal as being moot. We have concluded that the motion should be sustained and therefore dismiss the appeal. We are of the opinion that any review of the propriety of the order appointing the receiver would be ineffectual and pointless.

The appeal is from an interlocutory order appointing a receiver to take charge of the Cadillac automobile pending the disposition of the case on its merits. In the record we find a simple appeal bond. A supersedeas bond was not filed. There was no "stay" order sought or secured as would be requisite under our procedure. Texas Rules of Civil Procedure, rule 385, sub. (d); 4A C.J. S. Appeal and Error § 632, p. 443, Judgments or Orders Which Are or May Be Superseded or Stayed, sub. g., Receivership Orders or Decrees. Thereafter, the automobile was seized by the receiver. A little later the application for its sale was filed and·an order entered directing the sale. Nothing was done by the appellant in connection with such proceedings. There was no objection made thereto, no appeal taken therefrom, and no action taken to "stay" the sale of the automobile. The sale was completed and the receiver's report thereof has been filed of record and approved, and said receiver now holds the proceeds of said sale for disposition according to future orders of the lower court. The automobile has now passed into the hands of person or persons unknown and we have no way of ascertaining by the record the identity of the holder of the title thereto.

At the present time the appellant's rights on the merits of the principal controversy pends on the docket of the lower court. The Finance Company seeks to deprive the appellant of the legal rights in and to said automobile presumably asserted by him. Any affirmative legal remedy to which the appellant may be entitled as against the Finance Company which could be coupled with his assertion of right to the automobile in question may be sought pursuant to the trial of the case on its merits. Such would include damages because of action taken to his prejudice by and at the instance of the Finance Company. In view of what has occurred since entry of the order appealed from, any attempt on the

part of this Court to write upon the matter of whether the receiver was improperly appointed could at the most merely provide the appellant with a "springboard" from which counts for relief could be asserted on the main case in the prosecution of claims against the Finance Company. Anything we might say here certainly would not operate to terminate the controversy between the parties. On that score, we are powerless to grant any relief, even were we so inclined, as our jurisdiction in the premises is not invoked.

We have been unable to find a Texas case in point upon the appointment of a receiver. A case of some analogy is that of Macklin v. Essex Park Realty Co., 1927, 101 N.J.Eq. 776, 139 A. 32, cited at 5 C.J.S. Appeal and Error § 1362, p. 447, Review Unnecessary or Ineffectual. Citing language from another opinion, it is there said: "The appellant can derive no benefit from the judgment of this court. The object of the order has been attained. The order has been executed and its force spent. There is no redress which this court can give to the appellant, even if we thought the order appointing the receiver was erroneous. The purchaser is in possession of the mortgaged premises. The sale has been confirmed by the Chancellor. We are powerless to change the existing status. Under the facts, a judgment of this court would be an empty and profitless act."

While we expressly refrain from any unnecessary approval of the statements in said case as applied to receiverships as to real property, such being the character of the property in the case cited, we certainly do believe the statements are correct as applied to movable personal property such as the Cadillac automobile here considered. A like decision was reached in Texas upon an appeal taken from the entry of an order confirming a receiver's sale of petroleum. State v. Jackson, Tex.Civ.App.1937, 101 S. W.2d 346.

■ Where sales under execution have already been made and fully performed, it has been declared that it would be futile for an appellate court to grant an applicant injunctive relief and the question of whether such relief should have been granted by the trial court becomes moot. Brown v. Fleming, Tex.Com.App.1919, 212 S.W. 483; Anderson v. Roy, Tex.Civ.App.1941, 146 S.W.2d 1023.

The appeal is dismissed.