

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00406-CV

## IN THE ESTATE OF BERNICE JEANETTE WILLIAMS, DECEASED

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 8353-PR**

## MEMORANDUM OPINION

The parties are not new to the Court, and their attorneys are familiar with the long procedural history as well as the current legal posture of this proceeding. Accordingly, we will make only a brief reference thereto in our disposition of the current appeal.

The current appeal relates to an order that determined a tract of property was not capable of partition in kind and ordered it sold. Subsequent to that order, the trial court proceeded to a sale of the property. The terms of the sale were presented to the trial court and approved by an order of the trial court. The property was sold. The sale was confirmed, and the proceeds of the sale and another tract of property were distributed, all according to subsequent orders of the trial court.

The appellee has filed a motion to dismiss the appeal arguing that because the

appellant did not file a supersedes bond regarding the order that is the subject of the appeal, and, moreover, because the property has been sold and the proceeds distributed and none of the subsequent orders have been appealed, the existing proceeding is moot because this Court cannot grant any relief in this proceeding that can impact the parties. We requested a response from the appellant to the appellee's motion to dismiss. In her response, the appellant contends the buyer was well aware of the litigation regarding the property and is not a good-faith-purchaser-for-value. However, upon the strength of the authorities cited in appellee's motion to dismiss as well as the authorities cited in the following footnote, we grant the appellee's motion.[1]

This proceeding is dismissed as moot.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Motion granted
Appeal dismissed as moot
Opinion delivered and filed October 17, 2018
[CV06]

---

[1] *Mitchell v. Turbine Res. Unlimited, Inc.*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (appeal regarding order authorizing receiver to sell vehicles became moot when vehicle sold); *Walston v. Walston*, Nos. 10-94-00169-CV & 10-94-00251-CV, (Tex. App.—Waco June 14, 1995, writ denied) (not designated for publication) (in a divorce proceeding, homestead ordered sold; no supersedeas filed; in subsequent appeal of partition suit where receiver appointed, appeal was moot once property sold and receivership closed); *Foster v. Foster*, 583 S.W.2d 868 (Tex. Civ. App. —Texarkana 1979, no writ) (where no supersedeas filed, appeal of order selling homestead was moot when homestead sold during pendency of appeal); *Shaw v. Allied Fin. Co.*, 319 S.W.2d 820 (Tex. Civ. App.—Fort Worth 1958, no writ) (in appeal from order appointing receiver and no supersedeas filed, appeal dismissed as moot because receiver already sold the property).