

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00053-CV

_____

LOUIS A. MORRIS, Appellant

V.

GAVIN TYLER MORRIS, Appellee

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 21-9821-158

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Louis A. Morris appeals from an interlocutory order appointing a receiver to sell Louis and Gavin Tyler Morris's marital home in the underlying divorce case.[1] *See* Tex. Fam. Code Ann. § 6.507. But after Louis filed his appeal, the receiver sold the home, and the trial court confirmed the sale. Consequently, Louis's challenges to the receiver's appointment—eleven of the fourteen issues he raises on appeal—are moot, and we lack subject matter jurisdiction to consider them. And because Louis's three remaining issues involve a trial court order that is outside the scope of this interlocutory appeal, we lack jurisdiction to consider them as well. Accordingly, we will dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

## I. Background

Louis and Gavin are in the midst of a divorce. As part of the divorce, the couple agreed to temporary orders providing for the sale of their marital home, with Russell Rhodes serving as the realtor. The agreed orders provided that the parties "shall agree on the list price, sales price, and all other terms of sale," and "[i]n the event that the parties cannot agree on one or more terms of sale, each party may petition the [trial] [c]ourt for appointment of a receiver to take control of the property

---

[1]Because both parties have the same surname, we will refer to them by their first names.

and of the sales process." Until the home sold, Louis was given exclusive possession of it.[2]

Gavin subsequently claimed that Louis was refusing to sign the listing agreement to sell the home, and he filed a motion seeking to compel execution of the listing agreement or to have a receiver appointed. Louis responded that the motion to compel was "unwarranted" and that his hesitancy to sign the listing agreement was based on a "good faith disagreement regarding the listing price." (The parties later explained that Gavin had wanted to follow the realtor's recommended listing price but that Louis had wanted a higher listing price.[3])

The trial court held an evidentiary hearing on Gavin's motion, among other matters.[4] After the hearing, the trial court appointed the couple's agreed realtor—Rhodes—to serve as a receiver for the purpose of selling the Morrises' home. The

---

[2]Gavin paid the mortgage and utilities on the home until it sold.

[3]At the evidentiary hearing on Gavin's motion, Rhodes testified that he recommended listing the home "somewhere around [$]765[,000] to [$]775[,000]" to attract multiple buyers so as to "drive up the price." Gavin testified that he had wanted to follow Rhodes's recommendation, but Rhodes explained that "Louis [had] said that if we didn't list it for a minimum of [$]830[,000] that he wouldn't sign the paperwork."

[4]Gavin also moved to sell another marital asset: a custom Mercedes, which was "parked in storage" pursuant to the agreed temporary orders. According to Gavin, the payments on the Mercedes were a "significant monthly expense" and required him to pay "at least $2,700.00 per month (including insurance costs)." The parties presented evidence on this issue at the hearing referenced above, and at the conclusion of that hearing, the trial court ordered that the Mercedes be sold.

3

trial court ordered Louis and Gavin to cooperate with Rhodes and to vacate the house by 5:00 p.m. the following day. The court supported its order with findings related to Louis's impeding the sales process.

Louis filed this interlocutory appeal, and although he successfully moved to stay an unrelated post-hearing order pending appeal, he did not move to stay the sale of the marital home, nor did he file a supersedeas bond.[5] Consequently, approximately one month after Louis filed this appeal, Rhodes sold the couple's home for $80,000 more than Louis's desired listing price. Rhodes filed a motion seeking confirmation of the sale and authorization for him to receive his 6% fee and $1,350 in attorney's fees at closing.[6] The next day, the trial court entered an order confirming the sale and awarding Rhodes his 6% fee and his requested attorney's fees.[7]

## II. Mootness

Appellate courts lack subject matter jurisdiction to decide moot controversies. *In re Guardianship of Fairley*, No. 20-0328, 2022 WL 627776, at \*5 (Tex. Mar. 4, 2022); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732,

---

[5]Louis successfully moved to stay the sale of the Mercedes pending appeal.

[6]The parties agree that the listing agreement provided for a 6% realtor fee.

[7]The parties agree that the sale has since been completed, and we take the fact as true. *See* Tex. R. App. P. 38.1(g).

737 (Tex. 2005) (orig. proceeding). "When a trial court appoints a receiver to sell real property, and the real property is sold after the appellant has perfected its appeal, the appeal of the appointment of the receiver becomes moot." *Crestor Glob. Invs. Del. LLC v. Wilmington Tr., Nat'l Ass'n ex rel. Registered Holders of Colony Am. Fin. 2015-1 Mortg.-Backed Notes*, No. 02-18-00109-CV, 2018 WL 4782167, at *2 (Tex. App.—Fort Worth Oct. 4, 2018, no pet.) (mem. op.); *see Isola v. Polk*, No. 05-21-00547-CV, 2022 WL 1438946, at *1 (Tex. App.—Dallas May 6, 2022, no pet. h.) (mem. op.) (similar, dismissing appeal from order appointing receiver as moot); *Bass v. Bass*, No. 05-15-01362-CV, 2016 WL 1703007, at *1 (Tex. App.—Dallas Apr. 27, 2016, pet. denied) (mem. op.) (similar).

Eleven of Louis's fourteen issues were mooted by the sale of the Morrises' home. Specifically, Louis argues in these eleven issues that the trial court erred by appointing Rhodes as a receiver because (1) there was no evidence of Rhodes's eligibility, (2) the trial court impermissibly waived the receiver's bond, (3) the injunctive portions of the appointment order were void, (4) the trial court delegated overbroad discretion to the receiver, (5) there was legally insufficient evidence to support six of the trial court's findings supporting the order, and (6) Gavin did not demonstrate that the appointment of a receiver was necessary.[8] But the marital home

---

[8]Louis characterizes nearly half of his challenges to the appointment order—all but his six sufficiency arguments—as abuses of discretion. For his six sufficiency arguments, Louis alleges that issuing legally insufficient findings rendered the appointment order void. He also contends that several of the other alleged abuses of

5

has now been sold to a third party, and Louis admits that the sale "cannot be reversed."[9]  Accordingly, as the appellant, he "can derive no benefit from the judgment of this court." *Shaw v. Allied Fin. Co.*, 319 S.W.2d 820, 822 (Tex. App.—Fort Worth 1958, no writ) (per curiam) (quoting *Machlin v. Essex Park Realty Co.*, 139 A. 32, 32 (N.J. 1927), and dismissing interlocutory appeal from order appointing receiver because property at issue—a Cadillac—had been sold, but limiting holding to personal property).

Louis argues, though, that the trial court's appointment order "subject[s] [him] to continuing harm" because, while the home has already been sold, "the proceeds—which are community property—have yet to be divided," and the appointment order will therefore "affect the pending property division."  We fail to follow Louis's logic. He does not explain why or how the receiver's eligibility, bond, or discretion will affect the pending division of community property, much less how the expired injunctive provisions of the order or the sufficiency of the trial court's findings will affect the pending property division.

---

discretion rendered the appointment order void or voidable as well—according to Louis, waiving a bond rendered the order voidable; issuing an injunction without requiring a bond or setting the case for trial rendered the order void; and appointing an ineligible receiver rendered the order both void and voidable.

[9]Indeed, it is unclear whether Louis would want to reverse the sale, given that the home sold for $80,000 more than the listing price he had originally wanted.

Rhodes was appointed receiver for the sole purpose of selling the Morrises' marital home, and that sale is now complete. Louis could have filed a motion to stay the sale of the home pending appeal—just as he moved to stay an unrelated post-hearing order—but he chose not to do so. At this point, "[t]he [appointment] order has been executed and its force spent." *Shaw*, 319 S.W.2d at 822 (quoting *Machlin*, 139 A. at 32); *cf. Nat'l Collegiate Athletic Ass'n*, 1 S.W.3d at 86 ("When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot."). Louis's first eleven issues challenging the appointment order are thus moot, and we lack the jurisdiction to consider them. *See Bass*, 2016 WL 1703007, at *1 (holding that "[b]ecause the property that was the subject of the appealed interlocutory order appointing a receiver ha[d] been sold, the appeal from that order [wa]s now moot"); *Beard v. Beard*, 49 S.W.3d 40, 71 (Tex. App.—Waco 2001, pet. denied) (holding that wife's challenges to order appointing receiver to sell the marital residence were moot because property was sold at foreclosure while appeal was pending).

### III. Scope

Louis's three remaining issues also suffer from jurisdictional flaws. In those, Louis claims that the trial court abused its discretion by confirming the sale of the marital home without a hearing, by awarding the receiver an unreasonable fee, and by awarding the receiver attorney's fees. But these complaints do not stem from the order appointing the receiver—they arise from a subsequent interlocutory order

7

confirming the sale of the property. Louis has not filed an interlocutory appeal from that order, nor has he cited any statutory authority that would authorize him to do so.

"[A]ppellate courts generally only have jurisdiction over [appeals from] final judgments" absent a statutorily authorized exception providing for interlocutory review. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)). The Family Code provides that, in a divorce proceeding, a temporary order entered by the trial court—"except an order appointing a receiver[—]is not subject to interlocutory appeal." Tex. Fam. Code Ann. § 6.507; *see Perkins v. Perkins*, No. 03-21-00135-CV, 2021 WL 2816008, at *1 (Tex. App.—Austin July 7, 2021, pet. denied) (mem. op.) (recognizing Family Code limitation and dismissing for want of jurisdiction where appellant attempted to appeal temporary orders in divorce case); *In re Marriage of Henry*, No. 14-21-00080-CV, 2021 WL 1183806, at *1 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (per curiam) (mem. op.) (similar); *Taylor v. Taylor*, No. 02-18-00254-CV, 2018 WL 4925325, at *1 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (per curiam) (mem. op.) (similar); *Mason v. Mason*, 256 S.W.3d 716, 718–19 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (per curiam) (similar). Thus, the Family Code does not permit interlocutory review of the trial court's order confirming the sale of the marital home and awarding Rhodes fees. *See* Tex. Fam. Code Ann. § 6.507.

Because the order confirming the sale is outside the limited scope of this interlocutory appeal, and because that order is not eligible for separate interlocutory review, we lack jurisdiction to consider Louis's three challenges to it. *See id.*; *cf. Gilani v. Rigney*, No. 02-21-00314-CV, 2022 WL 714700, at *5 (Tex. App.—Fort Worth Mar. 10, 2022, pet. filed) (mem. op.) (declining to address arguments outside scope of interlocutory appeal); *Sasano v. Niemela-Waller*, No. 02-20-00378-CV, 2021 WL 3679242, at *2 (Tex. App.—Fort Worth Aug. 19, 2021, no pet.) (mem. op.) (similar).

## IV. Conclusion

Louis's fourteen appellate issues are either moot or outside the scope of this interlocutory appeal. We dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 9, 2022